171 So.2d 91

**STATE of Alabama**

v.

**LANE BRYANT, INC.**

3 Div. 148.

Supreme Court of Alabama.

Jan. 21, 1965.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Herbert I. Burson, Jr., Asst. Attys. Gen., for appellant.

M. R. Nachman, Jr., Steiner, Crum & Baker, Montgomery, for appellee.

HARWOOD, Justice.

This is an appeal from a decree of the Circuit Court of Montgomery County in Equity, adjudging a final use tax assessment made by the State Department of Revenue against Lane Bryant, Inc., in the amount of $27,732.95, to be illegal and void, and setting aside and holding for naught the said final assessment.

No questions are raised as to the perfection of the appeal from the final assessment to the Circuit Court and the cause was there submitted upon Lane Bryant's bill in the nature of a bill of complaint, the Department of Revenue's answer, and a stipulation of facts.

The Department of Revenue contends that the final assessment was author-

ized by the provisions of Sections 790 and 792, Title 51, Code of Alabama 1940, and particularly by Subsection (d) of each Section. These code sections in pertinent parts read:

"§ 790. Every seller engaged in making retail sales of tangible personal property for storage, use or other consumption in this state, who: (a) Maintains a place of business, (b) qualified to do business, (c) solicits and receives purchases or orders by agent or salesman, or (d) distributes catalogs or other advertising matter and by reason thereof receives and accepts orders from residents, within the state of Alabama. * * *

"§ 792. The tax imposed by this article shall be due and payable to the department quarterly on or before the twentieth day of the month next succeeding each quarterly period during which the storage, use or other consumption of tangible personal property became taxable hereunder, the first of such quarterly periods being the period commencing with the first day of March, 1939, and ending the thirtieth day of June, 1939. Every seller engaged in making retail sales of tangible personal property for storage, use or other consumption in this state, who: (a) Maintains a place of business, (b) qualified to do business, (c) solicits and receives purchases or orders by agent or salesman, or (d) distributes catalogs or other advertising matter and by reason thereof receives and accepts orders from residents, within the state of Alabama, * * *."

The stipulation of facts show that Lane Bryant is a Delaware Corporation having its principal place of business in New York, New York. It also conducts a mail order business from headquarters in Indianapolis, Indiana. It has never qualified to do business in Alabama or appointed an agent for service of process in Alabama.

Lane Bryant does no business in Alabama through agents, independent contractors, or otherwise and its sole business connection with this state is that it mails catalogs to Alabama residents from outside the state, and mails from Indianapolis any merchandise that may be ordered by Alabama residents. No delivery of such ordered merchandise is made by truck or common carrier.

Lane Bryant catalogs are printed in New Jersey, and are then mailed from New Jersey by United States mail throughout the United States, including Alabama, though occasionally the catalog may be mailed by Lane Bryant from Indianapolis when an individual writes directly to Lane Bryant requesting such catalog.

All orders from customers are processed in and mailed from Indianapolis. No merchandise is purchased or delivered in any other way than by use of the United States mails. Payment from Alabama residents is either made by check sent by the customer by mail to Lane Bryant at Indianapolis, or by C.O.D. orders made to the postal authorities in Alabama when merchandise is delivered in this state. Payment for merchandise purchased by residents of Alabama is never made to Lane Bryant in Alabama nor to any agents, salesmen, or representative of Lane Bryant in Alabama.

Lane Bryant has never engaged in any radio or television advertising directed to Alabama, and it has never advertised in any newspaper published in this state. Further, it has never owned, leased, or maintained, any office, store, branch, or place of business in Alabama, nor has it ever repossessed by legal proceedings any merchandise sold to Alabama residents. It has never had any telephone listing or bank account in this state.

Lane Bryant has never sold, or solicited or promoted sales by, or received purchases or orders from any employee, agent, salesman, or other person, firm, or corporation in Alabama.

In its decree the lower court entered a stipulated facts. findings of fact consonant with the above

The decree of the lower court after its findings of fact then continues:

## "ALABAMA LAW."

"The Department, though relying on the provisions of Title 51, Sections 790 and 792 in its attempt to make a use tax collector out of Lane Bryant, has conceded that Lane Bryant maintains no place of business in Alabama; has not qualified to do business in Alabama; and does not solicit or receive purchases or orders by agent or salesman, or, indeed, by independent contractor within the State of Alabama. The Department relies solely on subdivision (d) of those two sections which purport to impose obligations on 'every seller engaged in making retail sales of tangible personal property for storage, use or other consumption in this State who: * * * distributes catalogs or other advertising matter and by reason thereof receives and accepts orders from residents, within the State of Alabama.' The Department contends that the mailing by Lane Bryant, from a City outside the State of Alabama, of a catalogue addressed to a resident of Alabama, followed by the receipt by Lane Bryant, in Indianapolis, Indiana, of an order from a resident of Alabama, brings Lane Bryant within the scope of subdivision (d).

"Lane Bryant contends, on the other hand, that the legislature never intended that this statute make a use tax collector out of a foreign corporation with no business nexus whatever in Alabama—a foreign seller which sent catalogues exclusively by mail to Alabama residents, and which accepted and filled orders outside the State of Alabama exclusively by mail.

"The Court is of the opinion that Lane Bryant's contention is well taken. In so holding, this Court applies the well-established principle of statutory construction that taxing statutes are construed most strongly against the taxing authority, Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So. 2d 812; State v. Helburn Company, 269 Ala. 164, 111 So.2d 912; and that this tenet is particularly applicable where the Department's attempted construction of the statute would cause the statute to be unconstitutional as a violation of the Commerce and Due Process Clauses of the Federal Constitution.

"The Court is of the opinion that there must be a distribution of catalogues in a manner sufficient to provide a business nexus with Alabama—by agent or salesman, or, at a very minimum, by an independent contractor within the State of Alabama; and that the above cited statutes do not contemplate that a foreign seller, in the circumstances of Lane Bryant, may be made a collector of Alabama use tax simply because it sends catalogues exclusively by mail to Alabama residents, and accepts and fills orders outside the State of Alabama exclusively by mail. Sections 790 and 792 are replete with reference to activities 'in this State' and 'within the State of Alabama', indicating clearly that the legislature intended to impose an obligation to collect use taxes only on a seller who had established some distinct connection with the State of Alabama, sufficient to have submitted himself to the jurisdiction of the State of Alabama for tax purposes.

"Alabama is one of thirty-five states which impose so-called 'use taxes' and the State cannot cite a single case decided by the Supreme Court of Alabama or of any of the other thirty-four states, in which the Court has sustained an attempt to make an out-of-state seller in the position of Lane Bryant here, obligated to collect and pay such a tax where none of the minimal jurisdictional facts exist.

"Quite apart from the constitutional barriers, it is inconceivable, moreover,

that the legislature sought to make an out-of-state business contribute to the support of the Government of Alabama when that business concern had no property, agent or independent contractor in Alabama and when the business received no protection or benefit whatever from any aspect of the government of the State of Alabama or any of its subdivisions. Surely such a strained construction of legislative intent should not be read into the statute with all of the concomitant contitutional infirmities inherent in such an interpretation.

### "CONSTITUTIONAL QUESTIONS."

"The Court is further of the opinion that the undisputed facts of this case show that Lane Bryant maintains not even a minimal business nexus with the State of Alabama so as to permit Alabama to make a use tax collector out of this foreign seller, within the tests repeatedly laid down in successive decisions of the Supreme Court of the United States. Nelson v. Sears Roebuck, 312 U.S. 359, [61 S.Ct. 586], 85 L.Ed. [888] 385; Nelson v. Montgomery Ward, 312 U.S. 373 [61 S.Ct. 593], 85 L.Ed. 897; General Trading Co. v. State Tax Commission, 322 U.S. [335] 395 [64 S.Ct. 1028], 88 L.Ed. 1309 (1944); Scripto v. Carson, 362 U.S. 207 [80 S.Ct. 619], 4 L.Ed.2d 660 (1960).

"In each of the foregoing cases, the Supreme Court required that there be some sufficient business nexus to permit a state to impose on a foreign corporation the obligation to collect use tax. There is no such business connection under the stipulated facts in the case at bar. Instead, this case comes within Miller Bros. Co. v. Maryland, 347 U.S. 340 [74 S.Ct. 535, 98 L.Ed. 744], where the Court held that while Maryland (as Alabama here) has unques-

tioned power to levy a use tax against its own residents for the storage, use or consumption of tangible personal property purchased out of state, but used, stored or consumed within the taxing state, 'the burden of collecting or paying their tax cannot be shifted to a foreign merchant in the absence of some jurisdictional basis not present here.' (347 U.S. at 347 [74 S.Ct. 535])

"The Court is of the opinion that if Alabama Use Tax Statutes could be construed as the Department contends, the statutes would also violate the Commerce Clause of the Federal Constitution by placing an unjustifiable burden on interstate commerce. It is difficult to conceive of transactions more exclusively interstate than those at bar. Lane Bryant has absolutely no contact with Alabama whatever. It deals, literally, with the United States Post Office alone. It engages in exclusively interstate transactions in the classic sense. Alabama, in its attempt to tax these transactions, burdens interstate commerce to the same degree as if a fee were required to be paid for the privilege of doing interstate business—an exaction which the Federal Constitution forbids. State v. Trans-Continental Gas Pipe Line Corp., 271 Ala. 329, 123 So.2d 172, cert. den. 364 U.S. 932 [81 S.Ct. 381, 5 L.Ed.2d 366], and State v. Plantation Pipe Line Company, 265 Ala. 69, 89 So.2d 549. And see McLeod v. [J. E.] Dilworth Co., 322 U.S. 327 [64 S.Ct. 1023, 88 L.Ed. 1304]. As the Court observed in Miller Bros., the practical effect of making a vendor collect for a 'use tax due from the purchaser * * * is identical with making him pay a sales tax.' (347 U.S. at 344 [74 S.Ct. 535])

"As General Trading, supra, 322 U.S. 335, 338 [64 S.Ct. 1028] and Scripto v. Carson, supra, 362 U.S. 207 at 212 [80 S.Ct. 619] take pains to

point out, 'no state can tax the privilege of doing interstate business (citation). That is within the protection of the Commerce Clause and subject to the power of Congress.'

"As the Court has already observed, the Department in its brief concedes that in none of the many states which have enacted the familiar sales and use tax statutes, including Alabama, is there any decision permitting the construction which the Department now urges upon the Court, namely, that the exclusively interstate mailing of catalogues is sufficient to permit the taxing state to make a collector out of a foreign seller in the position of Lane Bryant.

"For the foregoing reasons, this Court holds that the Alabama statutes cited above do not permit the Department to make such a use tax collector out of Lane Bryant. The legislature of Alabama never intended to do so, and if it had, the attempt would have violated the Due Process and Commerce Clauses of the Federal Constitution.

"Accordingly, the Register will enroll the following decree:

### "DECREE."

"1. The final assessment made and entered by the Department of Revenue of the State of Alabama against Lane Bryant, Inc., on December 12, 1963, in the amount of $27,732.95 is invalid, illegal and void, is excessive in its entirety, and is in its entirety set aside and held for naught.

"2. The costs in this cause shall be taxed by the Register against the State of Alabama.

"DONE this 19 day of May, 1964.
　　　　　"Eugene W. Carter
　　　　　"Circuit Judge."

After careful consideration of the above decree and the briefs and arguments of respective counsel, we are convinced that the decree is correct in every respect and that any addition thereto by us would be redundant. We therefore adopt the opinion of the lower court as the decree of this court.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.