281 So.2d 440

**Frank W. HILL, d/b/a Dixie Electric Company**

v.

**STATE of Alabama.**

**Civ. 124.**

Court of Civil Appeals of Alabama.

Aug. 8, 1973.

Emerson & Galbraith, Anniston, for appellant.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., and James R. Payne, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State.

WRIGHT, Presiding Judge.

Appeal is taken by taxpayer Hill from a final decree of the Calhoun County Circuit Court, In Equity, dated October 26, 1972, confirming final assessment by the State Department of Revenue of privilege or li-

cense tax for the period of January 1, 1968, through December 31, 1970.

The tax was assessed under Ordinance 3376, as amended by Ordinance 3716 and 3948, of the City of Anniston which was collected and enforced by the State Department of Revenue under Act 59, Acts of Alabama, First Special Session, 1964, and paid by the State to the City of Anniston. The provisions of the ordinance involved in the case required payment by a seller at retail, doing business in the City of Anniston, of a 2% privilege or license tax on gross sales. It is provided in the ordinance that all words, terms and phrases used therein, unless otherwise specifically defined, shall have the same meaning and the same scope and effect as when used in the State Sales Tax statutes. In other words, the ordinance is to be construed together with the State Sales Tax statutes and is intended to parallel such tax, though it is a seller's privilege tax rather than a sales tax upon the consumer.

Appellant presents the single assignment of error that the trial court erred in its final decree by upholding and confirming the assessment of the Department of Revenue.

Our examination of the record discloses no substantial conflict in the evidence on any material issue. Therefore the usual presumption of correctness accompanying the finding of fact of the trial court on appeal does not apply in this case. State v. Kershaw Mfg. Co., 273 Ala. 215, 137 So.2d 740.

The tendency of the evidence shows that taxpayer Frank Hill was operating two businesses from the same address in Anniston, Alabama during the years of the assessment. In the front portion of the building was a retail store, largely operated by Mrs. Hill. This business and the portion of the building where operated existed, prior to Hill entering the second business, that of electrical contractor. During the first assessment year of 1968 there was an addition to the building in the rear and

Hill began to operate his contracting business therefrom. There is a side door to this portion of the building which is on a higher level than the retail portion and it is connected to the rear of the retail store by large doors. It is from the rear portion of the building that Hill operates the second business of electrical contractor.

The two businesses have totally separate books and inventory. Purchases are made for each business from different suppliers. The contracting business largely purchases from suppliers in Birmingham, Alabama, and the items purchased are materials subsequently used in performing contracts in construction and repairing. Such materials become a part of and are attached to realty. Appellant maintains an inventory of materials and supplies commonly used in his contracts, some of such materials having been left over from purchases for contracts. From time to time, appellant withdrew from his contractor inventory items needed by other contractors or friends and sold them through the retail business charging both city and state tax thereon. Such sales were estimated to run at times $200.00 per month and were considered merely accommodation sales.

During the period of assessment it had been appellant's practice in his contracting business to purchase from his suppliers materials as needed. State sales tax was not paid to the seller at the time of sale, but were paid by appellant directly to the State by the 15th of the month following purchase. Appellant and his accountant stated such procedure had been approved by a State Revenue agent. It was this practice and procedure that got appellant into the present difficulty with the Revenue Department as collector of the tax for the City of Anniston.

Appellee, the State Revenue Department, assessed appellant with the privilege tax for the City of Anniston on the premise that his purchases for his contracting business were wholesale purchases and his placing them in his warehouse, and subse-

quently withdrawing them for use in performing a contract, brought him within the "self consuming" aspect of Subdivision (j), Section 786(2), Title 51, of the Code, 1958 Recompiled, as amended, which appears as follows:

". . . The term 'sale at retail' or 'retail sale' shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale . . . and such wholesale purchaser shall report and pay the taxes thereon."

Since the ordinance of the City of Anniston provided that the terms and definitions of the State Sales Tax law apply to the ordinance, a retail sale under the Sales Tax law is a retail sale under the ordinance. Thus the purchases of Hill for use in his contracting business are purchases at wholesale, and their subsequent withdrawal from the warehouse and use in performing contracts is a retail sale and are subject to the city 2% tax in their gross total of $383,821.82 for the assessment period. This is the State's position.

Appellant contends that his purchases for use in his contracting business do not fall within the "self consuming" feature of the Sales Tax Act, because such purchases were not at wholesale but were purchases at retail as defined in a portion of Section (j), Section 786(2) preceding that quoted hereinabove. That portion of Section (j) is as follows:

"(j) The term 'sale at retail' or 'retail sale' shall mean all sales of tangible personal property except those above defined as wholesale sales. The quantities of goods sold, or prices at which sold, are immaterial in determining whether or not a sale is at retail. Sales of building materials to contractors, builders, or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold . . ."

In considering the facts of this case and the contentions of the parties, it is evident that the basic cause of the assessment of appellant for taxes upon his use of materials in his contracting business under the "self consuming" definition of a retail sale was his method of paying State sales tax. Perhaps his practice of warehousing and stock-piling an inventory instead of delivering or having his materials delivered directly to a contract site added some substance to the premise of the State, but such practice appears of little materiality. Had he paid his sales tax to his vendor at the time of purchase instead of paying such tax at a subsequent time using an old retailer's sales tax number which he had acquired as an appliance dealer in 1958, it appears there would have been no problem.

The State has received all sales tax due it for the sales to Hill for use in his contracting business during the assessment period, including the $20,000 to $30,000 inventory kept on hand in the warehouse. The State has no complaint against Hill arising out of his method of paying sales tax. It would appear that in receiving sales tax on materials not yet withdrawn for use, Hill was buying such materials at retail insofar as the State sales tax was concerned. It is only in assessing and collecting the City of Anniston privilege tax on gross retail sales that the Department of Revenue contends that Hill's method of paying sales tax turns him into a retailer, purchasing at wholesale and withdrawing or self consuming in his contracting business. Thus it appears that a change of hats affects the attitude of the tax collector.

The Department of Revenue in brief insists that the fact that appellant possessed both state and city sales tax numbers is most important, together with the fact that the evidence shows that appellant had never paid sales tax to any vendor selling to either of his two businesses. We concede that such facts would be most important and controlling if the two business operations were operated as one from the same inventory, with purchases made commonly from the same suppliers. However, it is

undisputed by the evidence that the records of purchases, sales, and inventory were kept totally separate for the retail and contracting operations, and that the volume of purchases for the retail business was only about ten to twelve per cent of that for the contracting business. Of course, purchases for the retail business did not require payments of sales taxes to vendors. Such purchases were at wholesale. Appellant possessed both contractor and retail licenses from the state and city. From his records his two separate and distinct business operations are perfectly clear.

The Department of Revenue further in brief emphasizes that appellant has "established and pursued a course of conduct *sales tax-wise* [Emphasis ours] so that he cannot now ignore the consequences of that conduct . . ."

 We do not find nor are we cited to any authority which requires definition of a "wholesale sale" or a "retail sale" be dependent upon how or when sales tax is paid. It has long been established that the sales tax is a tax upon the ultimate consumer and the legislative intent is to make the sale to the consumer the basis for computing the tax. Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399. Title 51, Section 786(25), Code of 1958, Recompiled. We consider it paramount that the appellant paid sales taxes to the State upon his purchases for his contracting business as the ultimate consumer, though such taxes were not collected by his vendor as required by law but were paid by appellant direct to the State, and according to the evidence, before withdrawal from his warehouse and use in construction. It would appear such practice is unwise at the least. We find that appellant, in the operation of his electrical construction business during the assessment period did not come within the "self consuming" feature of Section 786(2)(j) of Title 51, for he did not in fact purchase the materials consumed or used at wholesale but rather purchased same at retail as a contractor for use in the form of real estate.

We adhere in this case to the rule that the application of taxing statutes must be bottomed upon, and considered in the light of each particular situation, bearing in mind that in case of doubt a tax law should be liberally construed in favor of the taxpayer. State v. Air Conditioning Engineers, Inc., 277 Ala. 675, 174 So.2d 315; Montgomery Aviation Corp. v. State, 275 Ala. 266, 154 So.2d 24.

We find that the privilege tax, together with penalty and interest, in the sum of $10,285.95, paid by appellant to the Department of Revenue, State of Alabama, because of assessment under Ordinance #3376 as amended, was wrongfully assessed and is due to be refunded. The Commissioner of Revenue is directed to certify a refund to appellant in said amount.

Reversed and rendered.

BRADLEY and HOLMES, JJ., concur.