297 So.2d 379

**Charles A. BOSWELL, as Commissioner of Revenue of the State of Alabama**

v.

**Bobbye M. BONHAM.**

**Civ. 314.**

Court of Civil Appeals of Alabama.

July 3, 1974.

John D. Bonham, Montgomery, for appellee.

J. Victor Price, Jr., Montgomery, for Alabama Education Assn.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for appellant.

WRIGHT, Presiding Judge.

Bobbye M. Bonham, appellee, was employed by the Montgomery County Board of Education as a classroom teacher from 1961 until September 1970 and as principal of an elementary school from September of 1970. She and her husband filed separate state income tax returns for the years 1969 and 1970. On each of these returns appellee claimed a deduction for educational expenses incurred by her in obtaining a Masters Degree in education. She also claimed the entire amount of medical and dental expenses for the family on her separate return.

In auditing these returns, the Department of Revenue, appellant, disallowed the deduction for educational expenses and the medical and dental expenses deduction to the extent of one-half the amount expended by the family. Final assessments in the amounts of $80.18 for 1969, and $60.32 for 1970 were issued by appellant.

Appellee then filed a bill of complaint for declaratory judgment in the Circuit Court of Montgomery County, which was later amended to conform with Title 51, Code of Alabama, Section 140 providing for appeal from a final assessment made by the Department of Revenue. The case was submitted on the pleadings, argument of counsel, and exhibits filed. The trial judge found that Code of Alabama, Title 51, Section 385(a), was the proper section from which to determine whether or not educational expenses are deductible and that appellee's educational expenses were not within the purview of Section 385(a).

The court also held that medical expenses paid with funds from a joint checking account in which the husband and wife have an equal interest are presumed to be paid equally by each, and that therefore appellee could claim only one-half of the medical expenses. The appellant's assessments of $80.18 and $60.32 were affirmed.

Appellee filed a petition for rehearing on the ground that the court's decision stating that a deduction for appellee's educational expenses would not be allowed by the Internal Revenue Service of the United States was incorrect. Counsel for both parties submitted oral arguments and written briefs. The court amended its final decree allowing the deduction for educational expenses and ordered that $162.58 be refunded to appellee as an overpayment of state income taxes. Appellee did not upon rehearing, nor upon this appeal, contest the court's ruling as to the medical expense deduction.

The court stated in its decree that Section 385(2) of Title 51, Code of Alabama did not provide authority for deduction of such educational expenses. It further stated that according to the regulations of the Department of Revenue construing said Section 385(a), educational expenses such as those claimed by appellee had never been allowed as deduction. Further, such deduction had not been permissible under the regulations of the Federal Internal Revenue Service construing the similar section of the Internal Revenue Code. It said that the Department of Revenue stated in reissuing its regulation in 1971 that "in administering and interpreting Section 385(a) the Department of Revenue will consider the administrative rulings and judicial decisions in respect to the similar provision of the Federal Internal Revenue Code and regulations thereunder." The court concluded therefore that since the Internal Revenue Service did not allow such educational expense deduction under its similar code provisions, the regulation of the Department of Revenue was proper.

Appellee on application for rehearing pointed out that the court was incorrect in stating that the regulation of the Internal Revenue Service interpreting the section of the Federal Revenue Code similar to Section 385(a) of the Alabama Code did not allow such deduction. In fact, the deduction claimed by appellee was allowable under Section 162, Title 26 of the United States Code and appellee had claimed such deduction on her Federal Income Tax returns.

Upon oral and written briefs at rehearing, the trial court amended its final decree and held that the deduction was proper under Section 385(a) of the Code contrary to the regulation of the Department of Revenue. The amended decree ordered refund to the taxpayer in the amount of $162.58.

Appellant, Department of Revenue, appeals from the amended decree contending error in allowing such deduction in the face of Regulation 385.6 of the Department which interprets Section 385(a) of Title 51. Appellant further contends the court erred on rehearing by allowing ap-

pellee to rely on Section 385(a) when she had originally claimed the deduction under Section 385(2) of Title 51.

 We find no merit in the second contention of appellant. The tax statutes of the state are to be construed in favor of the taxpayer and against the state. State v. Acker, 45 Ala.App. 574, 233 So.2d 514. If the deduction claimed by appellee is allowable under any provision of the Code she should receive it. The technical objection that she prosecuted her appeal under the wrong statute will not be allowed. The trial court in the original decree found the applicable statute to be Section 385(a) and subsequently determined the deduction to be not allowable under that statute. If its finding as to deductibility under 385(a) was incorrect, it was not error on rehearing to correct its decree.

Brief and argument of appellant admits that the deduction claimed by appellee is permissible under regulations interpreting Section 162(a) of the Federal Revenue Code. However, it contends that the Federal statute has been amended and is not exactly the same as Section 385(a) of the Alabama Code. It further contends that the Federal regulation allowing such deduction was not promulgated until 1958, after the Federal statute was amended in 1954. The Alabama statute has not been amended, nor has the regulations applying the statute.

We have closely compared the Federal statute, before and after amendment, with the Alabama statute. We find no basis for considering that the amendment of the Federal statute in 1954, insofar as applicable to the issue in this case made any material change. We consider the reasonable interpretation of its terms to be the same as Section 385(a) of Title 51 of the Alabama Code.

 Appellant states that the regulation promulgated by the Federal Commissioner of Internal Revenue in 1958, and amended in 1967, "was necessary to permit the exemption of educational expenses."

We are unable to subscribe to the proposition that a declaratory regulation is necessary to "permit" a deduction. It is the statute which "permits" the regulation. We further do not subscribe to the proposition that the regulation of the Department of Revenue disallowing the deduction is determinative of its validity under the statute.

We are cited by appellant to our case of East Brewton Materials, Inc. v. State Department of Revenue, 45 Ala.App. 584, 233 So.2d 751, as to the weight to be given an administrative interpretation of a statute via a long-standing regulation. We do not depart from the statements we made in *East Brewton Materials* for we said there " 'This rule of construction is to be laid aside where it seems reasonably certain that the Administrator's interpretation has been erroneous and that a different construction is required by the language of the Act.' We are fully mindful that the burden of interpreting the real intention of the legislature in the enactment of a statute lies upon the courts."

The pertinent part of Section 385 of Title 51 is as follows:

"Deductions (individuals).—In computing net income, there shall be allowed as deductions (a) All ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business . . . ."

Appellant submits that neither the State or similar Federal statute (Section 162 U. S.C.) specifically provides for deduction of educational expenses. This is true. However, the Internal Revenue Service in applying the statute, issued Regulation 1.-162–5 which provided that certain expenses for education, including travel, were deductible and some were not. By its own criteria for issuing its regulations, the Revenue Department of Alabama has stated that the regulations and court decisions interpreting similar statutes of the Federal Internal Revenue Code will be considered. This does not mean that the State of Alabama is bound to construe and apply its

**58**

Revenue Code strictly according to the Federal. However, the United States Internal Revenue Code is a guideline. The Alabama Revenue Code pertaining to income tax is patterned after and similar to the Federal.

The evident purpose of Section 385(a) is to allow as deductions from gross income certain costs of doing business and expenses incurred in promoting more business or increasing gross income of the taxpayer. The theory being, presumably, that the spending of money to make money should be encouraged to the end that taxes will be paid on the net accomplished. The individual makes more money and the State collects more taxes. It is logical therefore, that improvement of one's ability to carry on his trade or business through certain education will ultimately inure to the benefit of the State through collection of taxes.

 In the instant case, the pursuit of a Masters Degree in education increased appellee's ability to perform her trade or business—that of teaching. It is undisputed that the mere obtaining of a Masters Degree by a teacher employed in the public school system of Alabama results in an automatic substantial increase in salary, and thus in taxable income. We consider the deduction of the ordinary and necessary expenses incurred by appellee in obtaining a Masters Degree within the field of her employment as a public school teacher to be within the scope of the purpose of the legislature in enacting Section 385(a) of Title 51, regulation to the contrary notwithstanding.

It appears that the Revenue Department as of February 1974 agrees with our opinion for it revised Regulation 385.6 as of that date to be applicable to 1972 and after, so that said regulation now is in agreement with Federal Regulation 162.5. The regulation now presumably allows the deduction claimed by appellee for the year 1969–1970.

We affirm the amended decree of the trial court.

The complaint of appellant that the decree directing a refund of $162.58 is contrary to the computation of the Department of Revenue, and that the correct amount should be $143.33 is noted. We find no information in the record as to the amount due by refund computed by the appellant. The amount charged by the Department as due on March 22, 1973 is stated in the original decree as $80.18 for 1969, and $60.32 for 1970. The sum of these figures is $140.50. This does not agree with the amended decree or the statement of appellant. This Court is unable to determine the correct figure. It appears that an agreement between the parties and a satisfaction of the record by appellee would suffice to settle the question. We cannot affirm and remand. We affirm.

Affirmed.

BRADLEY and HOLMES, JJ., concur.