BRADLEY, Judge.
This is an appeal by the State Department of Revenue from a judgment declaring invalid a final assessment of sales tax against a taxpayer, Montgomery Wood-works, Inc., in the amount of $24,963.19.
The taxpayer is primarily engaged in the business of custom cabinet-making, although it also contracts other custom woodwork. The work is done in the taxpayer’s shop according to job plans and specifications. The taxpayer performs a large volume of work in its shop and maintains a stock of material which is used to fabricate cabinets and woodwork. These materials are purchased at wholesale.
After cabinets and woodwork for a job are fabricated in the taxpayer’s shop, the work is delivered to the jobsite by the taxpayer’s employees when the contractor is ready for the items to be installed. Sometimes the taxpayer contracts to install the cabinets, and, at other times, the general contractor does the actual installation of the cabinets. However, when the contractor installs the cabinets, taxpayer assists in the installation should a problem arise. Even in those instances where the general contractor has the responsibility for installation of the cabinets, the taxpayer supervises the installation to assure that the cabinets are properly installed and that the cabinets conform to the plans and specifications for that particular job.
During the tax period involved in the present case, the taxpayer reported and paid sales tax based upon the cost of materials consumed by it in the fabrication of cabinets and other woodwork. Thereafter the State Department of Revenue imposed a sales tax assessment upon the taxpayer contending that a sales tax based upon the full charge for the cabinets and woodwork was due if the taxpayer did not actually install the completed product. The taxpayer argued that it should be liable for the sales tax based only upon the cost of materials used in the fabrication process regardless of who installed the work. The trial court found for the taxpayer and this appeal followed.
The only issue presented by this appeal is whether the taxpayer, as a custom fabricator of cabinets and woodwork, is liable for sales tax based upon the full amount received by it from the customer pursuant to § 40-23-1(a)(6), Code of Alabama 1975 or based upon the cost of the materials to the taxpayer pursuant to § 40-23-l(a)(10), Code of Alabama 1975.
The taxpayer contends that its withdrawal of building materials from inventory to fabricate cabinets and woodwork for a specific job is a “retail sale” under § 40-23-l(a)(10) which provides in pertinent part:
Sales of building materials to contractors, builders or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold.
In Department of Revenue v. James A. Head & Co., 54 Ala.App. 136, 306 So.2d 5 (1974), cert. den., 293 Ala. 751, 306 So.2d 12 (1975), this court held that three requirements must be met for the provisions of § 40-23-l(a)(10) to apply: (1) the taxpayer must be a “contractor;” (2) the raw materials involved must be “building materials;” (3) the building materials must be sufficiently attached to the buildings to become part of the real estate.
As for the first requirement; we have previously defined the term “contractor” as: (1) one who formally undertakes to do anything for another; (2) one who con *512 tracts to furnish a product or service to another; or (3) one who undertakes to supply labor and materials for specific improvements under a contract with an owner or principal. Department of Revenue v. James A. Head & Co., supra. In the instant case, the taxpayer is contracted by others to fabricate cabinets and woodwork. Sometimes the actual installation of the cabinets is not performed by the taxpayer but by the general contractor or someone employed by the general contractor. However, in these instances the installation of the cabinets is supervised by the taxpayer to assure that the cabinets are properly installed in order to conform to the particular location and building needs which the specifications required. Therefore the failure of the taxpayer to actually install the cabinets after they have been fabricated does not prevent the taxpayer from being a “contractor” within the meaning of § 40-23-l(a)(10). Especially is this so where taxpayer supervises the installation of the cabinets to assure conformance with the plans and specifications to which the cabinets were built.
The second requirement is that the raw materials used by the contractor be building materials. “Building material” has been defined as material used in construction work and is not limited to materials used in constructing a building with sides and covering. Department of Revenue v. James A. Head, supra. In the instant case we conclude that the wood products used by the taxpayer in the fabrication of cabinets and woodwork are “building materials” as defined in the statute.
The final requirement is that the cabinets and other woodwork must be so attached to the buildings as to become part of the real estate. The three criteria used to determine when an object becomes part of the realty are cited in Department of Revenue v. James A. Head & Co., supra:
“. .. First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold.” Patterson v. Chaney, 24 N.M. 156, 173 P. 859, 6 A.L.R. 90 [1918].
In the case at bar the cabinets and woodwork were annexed to the realty, they were used for the purpose installed, and they were intended to be permanently attached to the wall or place so attached. Therefore we find that the cabinets and woodwork became a part of the realty.
We conclude that the taxpayer in the instant case is to be taxed based upon the cost of materials purchased as provided by § 40-23-l(a)(10).
The Department argues that § 40-23-l(a)(10) does not cover the facts in the case at bar because the taxpayer did not install the cabinets and woodwork. The Department cites this court to State v. Acker, 45 Ala.App. 574, 233 So.2d 514 (1970); State v. Air Conditioning Engineers, Inc., 277 Ala. 675, 174 So.2d 315 (1965); and Department of Revenue v. James A. Head & Co., supra, which were situations held to be covered by § 40-23-l(a)(10), wherein the taxpayer installed the product.
It is important to note that the application of a taxing statute must be bottomed upon and considered in the light of each particular situation. State v. Air Conditioning Engineers, Inc., supra.
We find that nowhere in § 40-23-l(a)(10) is there a requirement that the taxpayer install the building materials before a retail sale can occur. The cases cited by the Department were decided upon the facts in each instance and we view the present case in light of its particular facts. We hold that the facts in the instant case bring it within the purview of § 40-23-l(a)(10).
The Department has also argued that the sales tax imposed upon the taxpayer should be based upon the amount the taxpayer receives from the customer for the cabinets and woodwork fabricated. The Department argues that § 40-23-l(a)(6), which is a tax upon tangible personal property, governs the present situation. The Department says that the taxpayer’s sale of *513 cabinets and woodwork is a sale of tangible personal property. However, we have previously held that until such products are completely integrated and affixed to the realty, they have little if any retail sales value because they were built for a particular location. It would, in all probability, be an isolated instance for a member of the general public to walk in off the street and find previously constructed cabinets that would meet his requirements. The testimony showed that taxpayer had in storage many cabinets that had failed to meet the design needs of a particular job, and, unless some parts of the cabinets could be fitted into other jobs, they were valueless. State v. Air Conditioning Engineers, Inc., supra; State v. Acker, supra. In addition, the Department stipulated that the products fabricated by the taxpayer were eventually installed for use as part of the real estate. We hold that the cabinets and woodwork fabricated by the taxpayer are not tangible personal property. Therefore the taxpayer in the instant case is liable for the sales tax under § 40-23-l(a)(10) and not under § 40-23-l(a)(6) as urged by the Department. This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J,, and HOLMES, J., concur.