WRIGHT, Presiding Judge.
This case involves our statutory requirement of uninsured motorist coverage under § 32-7-23, Code of Alabama (1975). The defendant, Commercial Standard Insurance Company (CSI), appeals from a judgment awarding $10,000 to plaintiffs James E. and Bessie M. Potete.
The record reveals the following facts:
Plaintiff, James E. Potete, owner/operator of a truck, entered into a lease agreement to haul freight for Eagle Motor Lines (Eagle). The contract stated that Eagle would provide liability insurance for Potete while hauling for Eagle. Eagle provided such insurance through a policy with CSI.
While hauling for Eagle, Potete was involved in an accident with Robert Lee Nard, an uninsured motorist. Potete claimed uninsured motorist coverage as an insured under Eagle’s policy with CSI, was informed that uninsured motorist coverage was not provided in the policy and filed suit against CSI and Nard. The case was heard before the trial court sitting without a jury, the court entered judgment against CSI and Nard in the amount of $10,000. CSI appealed.
Section 32-7-23 states, in pertinent part: No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state.. .unless coverage is provided therein or supplemental thereto, ... under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder.. .from owners or operators of uninsured motor vehicles. . .provided, that the named insured shall have the right to reject such coverage; ....
This statute[1] and the cases applying it make clear that the existence of minimum uninsured motorist coverage is inferred in every automobile liability policy notwithstanding the absence of a provision for such coverage in the policy itself. Cline v. Aetna Insurance Co., 317 F.Supp. 1229 (S.D.Ala.1970). Our courts will interpret all motor vehicle liability insurance policies as providing minimum uninsured motorist coverage unless a written agreement rejecting such coverage on the part of the named insured is in evidence. Insurance Co. of North America v. Thomas, 337 So.2d 365 (Ala.Civ.App.1976).
CSI had issued a policy of liability insurance to Eagle covering operators of leased vehicles such as plaintiff, James Potete. The disputed issue at trial, and the disposi-tive issue on appeal, is whether Eagle, the named insured, rejected in writing the uninsured motorist coverage. The trial court, though making no findings of fact, apparently concluded that Eagle had not so rejected. We find such conclusion erroneous and reverse.
*428 Although the ultímate issue (whether or not a written rejection had been made) was, naturally, disputed by the parties, the evidence before the trial court was not conflicting as to any material fact. Thus, the usual presumption of correctness accompanying the trial court’s findings does not apply in this case. Taylor v. Godsey, 357 So.2d 979 (Ala.1978); Hill v. State, 50 Ala.App. 587, 281 So.2d 440 (1973).
At trial the parties agreed that the original and executed copy of the CSI-Eagle policy had been lost or misplaced and diligently searched for. There was received into evidence a sample policy, part of which consisted of a document rejecting uninsured motorist coverage. The parties stipulated that the sample policy contained essentially the same coverage as the lost policy, but the plaintiff would not stipulate as to the existence of the document rejecting coverage in the original policy or that such document was executed by Eagle, the named insured. The same policy did show that Eagle had paid no premiums for uninsured motorist coverage.
The deposition of one William C. Vines was received in evidence. Vines was an officer for Eagle at the time the policy in question was issued. Vines testified that in his capacity at Eagle he was responsible for negotiation of coverages for liability insurance. He further testified that he recognized the document rejecting uninsured motorist coverage exhibited in the sample policy; that the document was the same as the one used to reject uninsured motorist coverage by Eagle; that it was Eagle’s intention to reject uninsured motorist coverage; that he, as an officer of Eagle, had signed the written rejection; and that the signed written rejection applied to the policy year in question.
The evidence as to the existence and execution of the written rejection of uninsured motorist coverage was both competent and uncontradicted. Plaintiff’s cross-examination of Vines merely reaffirmed his testimony as to the written rejection exhibited by the sample policy. There was no other proof regarding the existence or non-existence of a written rejection.
The trier of fact apparently chose to disregard the testimony of a competent witness and substitute its own judgment for undisputed evidence as to both the existence and execution of a written rejection. This it cannot do. See, Deal v. Johnson, 362 So.2d 214 (Ala.1978); Free v. Palmer, 373 So.2d 1100 (Ala.Civ.App.), cert. denied, 373 So.2d 1103 (1979).
Plaintiff’s testimony that he was not informed of lack of uninsured motorist coverage was of no moment. See, generally, Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla.App.1976). The lease agreement between Eagle and plaintiff clearly allowed him to inspect all the insurance policies procured by Eagle for his benefit and purchase further coverage if he so desired. Plaintiff never inspected those policies. Further, plaintiff’s testimony that he received no notice of change in policy coverage, as was required by a “Certificate of Insurance” issued to him by Eagle, was irrelevant. The policy coverage in effect on the date of his accident was the same as it had been when he began hauling for Eagle, i.e., there had been no change and no notice was required.
We find the undisputed evidence in the record reflective of both the existence and execution by the named insured of a written rejection of uninsured motorist coverage. In light of that undisputed evidence, the judgment of the trial court against defendant, Commercial Standard Insurance Company, must be reversed.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.

. Formerly, Title 36, § 74(62a), Code of Alabama (1940).