WRIGHT, Presiding Judge.
This is a sales tax case governed by § 40-23-1, Code of Alabama 1975.
Disco Aluminum Products Company (Disco) manufactures custom-ordered blinds, window units and door units, using aluminum tubing and glass purchased at wholesale in the fabricating process. The State Department of Revenue made a final sales tax assessment against Disco on July 31, 1979, in the amount of $32,621.14 (including penalties and interest). The final assessment included $21,616.64 in state sales tax, and $11,004.50 in sales tax due the city of Selma. The transactions covered in the assessments which are contested by Disco all involve customers from outside of the state of Alabama. In each of the transactions involved in this appeal, the agreement between Disco and the purchaser provided that Disco would furnish various products to the construction site and either install or supervise the installation of those products.
Disco appealed the State’s final assessment to the Dallas County Circuit Court, which upheld the assessment on the basis of § 40-23-l(a)(10), Code 1975. Disco appeals the final judgment.
In considering this appeal, we adhere to the rule as stated in Hill v. State, 50 Ala.App. 587, 591, 281 So.2d 440, 444 (1973): “[T]he application of taxing statutes must be bottomed upon, and considered in the light of each particular situation, bearing in mind that in case of doubt a tax law should be liberally construed in favor of the taxpayer.”
On appeal Disco first contends that the trial court incorrectly applied § 40-23-l(a)(10), Code 1975, to the facts in this case. Disco contends that, as a manufacturer, its sales are governed instead by § 40-23-l(b):
“The use within this state of tangible personal property by the manufacturer thereof, as building materials in the performance of a construction contract, shall, for the purposes of this division, be considered as a retail sale thereof by such manufacturer, who shall also be construed as the ultimate consumer of such materials or property, and who shall be required to report such transaction and pay the sales tax thereon, based upon the reasonable and fair market price thereof at the time and place where same are used or consumed by him or it.”
Because the transactions covered by the State’s assessment involved parties outside of Alabama, Disco contends it would not be liable for taxes thereon under this section.
According to the testimony of Disco’s officers, Disco does not maintain an inventory of its manufactured products; it only manufactures blinds, window units, and door units to meet specific orders. As in State v. Acker, 45 Ala.App. 574, 579, 233 So.2d 514, 518 (1970), Disco does not manufacture “a finished product saleable on the market and having any market value.” Disco does not, by its own admission, produce a “standard finished product.” Id. Therefore, § 40-23-l(b) is not applicable to *848 this case. Id.; State v. Air Conditioning Engineers, Inc., 277 Ala. 675, 174 So.2d 315 (1965).
The trial court ruled that this case is governed by § 40-23-l(a)(10), Code 1975, which reads, in pertinent part:
“The term ‘sale at retail’ or ‘retail sale’ shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale, ... except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same .... ”
Disco contends that the transactions involved in the assessment are not taxable under this section because Disco falls within the exception listed therein. Specifically, Disco contends that the raw materials it purchased at wholesale entered into and became “an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption ” of Disco. This contention is refuted by Disco’s own witnesses at trial. Various officers of Disco testified that Disco did not manufacture any door or window units, blinds, or other items for sale to the general public. Instead, products are made only to fulfill specific orders. Further, the products involved in this appeal were manufactured specially to fulfill Disco’s obligation under various “furnish and install” contracts. Thus, this case falls directly within the purview of Alabama Precast Products, Inc. v. Boswell, 357 So.2d 981 (Ala.Civ.App.1977), aff'd, 357 So.2d 985 (Ala.1978). As in Alabama Precast Products, the products involved in this ease were manufactured especially for the various buildings under construction, according to specifications prepared by the general contractor. The raw materials became ingredients or component parts of tangible personal property used by Disco in the performance of a personal obligation under the construction subcontract. Thus, the transactions are taxable retail sales under § 40-23-l(a)(10). Id at 988.
Disco also argues on appeal that the trial court erroneously included mirrors, automatic doors, louvers, and prefabricated aluminum and glass purchased by Disco from a third party and shipped out of state to the construction site, as taxable under § 40-23-l(a)(10). The prefabricated aluminum and glass purchased by Disco and then used in the manufacture of window and door units at Disco’s plant in Selma has already been discussed above. Disco also purchased automatic doors from Automatic Doors of Birmingham for installation in a hospital project in Saudi Arabia. The automatic doors were shipped to Disco’s plant in Selma where they were packed and shipped to the job site. There they were installed by Automatic Doors as per its contract with Disco. The contested transactions also include louvers, mirrors, store fronts, prefabricated aluminum and glass purchased at wholesale, shipped to Disco in Selma, packed by Disco in its containers, shipped to Saudi Arabia and assembled in performance of a Disco contract. It is clear that all of the tangible personal property purchased by Disco, at wholesale, whether used in manufacture of a custom product or merely transhipped after purchase, was consumed by Disco in the performance of its contractor’s obligation to “furnish and install.”
The purpose of § 40-23-l(a)(10), as stated in previous decisions, is “to reach and tax transactions which could not be taxed because there was a withdrawal, use or consumption by the purchaser but no sale by the purchaser to another. State v. Kershaw Manufacturing Co., 273 Ala. 215, 137 So.2d 740 (1962).” Alabama Precast Products, supra, at 984; State v. Helburn Co., 269 Ala. 164, 111 So.2d 912 (1959). Disco has used products purchased at wholesale on which there could be no tax except for § 40-23-l(a)(10), because there has been no sale to another. All of the products purchased at wholesale by Disco, when used in the performance of its vari- *849 eras “furnish and install” contracts, were retail sales properly taxable under § 40-23-l(a)(10). Home Tile & Equipment Co. v. State, 362 So.2d 236 (Ala.Civ.App.), cert. denied, 362 So.2d 239 (Ala.1978).
Finally, it is stipulated and agreed that the assessment of the contract involving “Fire Station No. 6,” job number 77-22, was incorrectly based upon a cost of materials as $27,236.14; the correct cost was $2,721.00. The error results in a decrease of the tax due in the amount of $1,000.61. The trial court should have corrected the amount.
We therefore direct the trial court to amend its judgment to correct the assessment in that amount. Subject to such amendment the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.